IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| SAVVY VENTURES, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO.  6:22-CV-242-JCB |
| | § | |
| ROBERT ROBINSON, | § | |
| | § | |
| Defendant. | § | |

# REPORT AND RECOMMENDATION
# OF UNITED STATES MAGISTRATE JUDGE

Before the Court is Plaintiff's Motion to Remand (ECF 3).  The case is referred for all pretrial proceedings pursuant to 28 U.S.C. § 636.  After reviewing the motion and response, the Court recommends that the Motion to Remand be **GRANTED**.

## BACKGROUND

Plaintiff originally filed this eviction case on January 14, 2022 in Justice Court, Precinct 2, Smith County, Texas.  Plaintiff sought to evict Defendant for unpaid rent and to collect unpaid rent.[1]  Documents submitted by Defendant with the notice of removal show that the parties agreed to binding arbitration and an arbitration hearing was held on May 25, 2022.[2]  The arbitrator determined that Defendant should be evicted immediately and pay past due rent, late charges and fees.[3]  The arbitrator rejected Defendant's assertion that counsel for Plaintiff should be disqualified and that the lease should be voided.  In addition to a judgment in favor of Plaintiff for past due and unpaid rent, court costs for eviction, late charges, repair fees and expenses, the arbitrator's award,

---

[1] Notice of Removal, ECF 1-3, at *1–5 ("Petition: Eviction Case).
[2] *Id*., ECF 1-10, at *41.
[3] *Id*. at *45.

1

dated May 31, 2022, included an award of attorney's fees.[4] The Justice Court Precinct 2 set the matter for a hearing on June 30, 2022 to consider Plaintiff's motion to confirm the arbitration award. Rather than proceed with the hearing, Defendant filed a pro se notice of removal on June 28, 2022 to remove the case to federal court. In his Notice of Removal, Defendant asserts that this Court has jurisdiction over the matter pursuant to 28 U.S.C. § 1443(1). Defendant generally argues that there is racial inequality in East Texas and he cannot get fair consideration by the Twelfth Court of Appeals.

Shortly after removal, Plaintiff filed a motion to remand the matter to Justice Court Precinct 2. Plaintiff submits that this court lacks subject matter jurisdiction because there is no basis for diversity jurisdiction or federal question jurisdiction. Plaintiff brought this action seeking relief pursuant to the Texas Property Code, not a federal law. Further, to the extent Defendant submits that removal is proper pursuant to the civil rights removal statute, 28 U.S.C. § 1443, Plaintiff argues that Defendant has not asserted a factual basis for a § 1443 removal. In response, Defendant asserts that counsel for Plaintiff should be disqualified, he has been denied his right to equal protection under the law and counsel for Plaintiff has conspired with the state court judge to deny his constitutional rights.

## LEGAL STANDARD

Federal courts are courts of limited jurisdiction. Federal courts have only the power authorized them by Congress pursuant to Article III of the Constitution. *Bender v. Williamsport Area School District*, 475 U.S. 534, 541, 106 S.Ct. 1326, 1331 (1986); *Chair King, Inc. v. Houston Cellular Corp.*, 131 F.3d 507, 509 (5th Cir. 1997). Pursuant to 28 U.S.C. § 1441(a), a civil action filed in a state court is removable to a federal court if the federal court has original jurisdiction. In

---

[4] *Id.* at *48.

other words, removal of a state action to federal court is only proper if the action could have been originally filed in federal court. *Caterpillar v. Williams*, 482 U.S. 386, 391–92, 107 S.Ct 2425, 2429 (1987). For removal to be proper, jurisdictional facts supporting removal must be present at the time of removal. *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000). Jurisdiction is determined at the time suit is filed. *See Doddy v. Oxy USA, Inc.*, 101 F.3d 448, 456 (5th Cir. 1996).

## ANALYSIS

Defendant does not assert any basis for diversity jurisdiction or federal question jurisdiction, and none is apparent. There is no allegation of diverse citizenship and Plaintiff filed this lawsuit seeking relief exclusively pursuant to Texas law. Instead, Defendant relies solely on 28 U.S.C. § 1443(1) for removal, which provides:

> Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending: (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof.

Defendant contends, in essence, that he cannot get fair consideration in State court at the trial court level or on appeal. He bases that determination on conclusory allegations of racial inequality in the region and unsatisfactory results in the case against him.

To remove a case pursuant to § 1443(1) a party must show that he has been denied or cannot enforce a specified federal right in the State court. *City of Greenwood, Miss. v. Peacock*, 384 U.S. 808, 827, 86 S.Ct. 1800, 1812 (1966). "It is not enough to support removal under § 1443(1) to allege or show that the defendant's federal equal civil rights have been illegally and corruptly denied by state administrative officials in advance of trial, that the charges against the defendant are false, or that the defendant is unable to obtain a fair trial in a particular state court."

*Id*. "[T]he vindication of the defendant's federal rights is left to the state courts except in the rare situations where it can be clearly predicted by reason of the operation of a pervasive and explicit state or federal law that those rights will inevitably be denied by the very act of bringing the defendant to trial in the state court." *Id*. at 828 (citing *State of Georgia v. Rachel*, 384 U.S. 780, 86 S.Ct. 1783 (1966)). Section 1443(1) only permits removal "when a right conferred by a law providing for specific civil rights stated in terms of racial equality is denied or cannot be enforced in the state court." *Williams v. Nichols*, 464 F.2d 563, 564 (5th Cir. 1972).

The civil rights removal statute provides a scenario for removal where a statutory scheme will deny a federal right if the case remains in state court; not discrimination allegedly resulting from maladministration. *Student Non-Violent Coordinating Committee v. Smith*, 382 F.2d 9, 13 (5th Cir. 1967). Removal is proper under § 1443(1), for example, where a defendant is charged under a state trespass statute for refusing "to leave facilities of public accommodation, when ordered to do so solely for racial reasons." *State of Georgia v. Rachel*, 384 U.S. at 805. In that situation, "the mere pendency of the prosecution[] enables the federal court to make the clear prediction that the defendant[] will be 'denied or cannot enforce in the courts of (the) State' the right to be free of any 'attempt to punish' them for protected activity." *Id*. (quoting *Hamm v. City of Rock Hill*, 379 U.S. 306, 85 S.Ct. 384 (1964)).

As the removing party, Defendant bears the burden of establishing federal jurisdiction and showing that removal was proper. *Manguno v. Prudential Property and Cas. Ins. Co.*, 376 F.3d 720, 723 (5th Cir. 2002). Here, there are no allegations supporting federal subject matter jurisdiction or proper removal pursuant to 28 U.S.C. § 1443. Instead, Defendant alleges discriminatory conduct that does not support removal pursuant to § 1443. The Court lacks subject matter jurisdiction and the motion to remand should be granted. In the absence of jurisdiction to

consider this matter, the Court does not reach consideration of the other pending motions and requests for relief, including Plaintiff's Motion for Rent (ECF 4) and Plaintiff's request for attorney's fees and costs associated with the removal. The Arbitrator's Award contemplates the recovery of post-arbitration attorney's fees and costs and those matters should be determined by the proper State court on remand.

## RECOMMENDATION

Based on the foregoing, the Court recommends that Plaintiff's Motion to Remand (ECF 3) be **GRANTED** and that the matter be **REMANDED** to Justice Court Precinct 2 of Smith County, Texas.

Within fourteen days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b).

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Assn.*, 79 F.3d 1415, 1430 (5th Cir.1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

So ORDERED and SIGNED this 18th day of August, 2022.

_K. Nicole Mitchell_
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE