UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

No. 6:22-cv-00242

**Savvy Ventures, LLC,**
*Plaintiff,*

v.

**Robert Robinson,**
*Defendant.*

# ORDER

Plaintiff Savvy Ventures, LLC, filed this eviction action in Justice Court, Precinct 2, Smith County, Texas. Defendant Robert Robinson removed the action to this court. Doc. 1. The case was referred to United States Magistrate Judge K. Nicole Mitchell under 28 U.S.C. § 636(b)(b) pursuant to a standing order.

On August 18, 2022, the magistrate judge issued a report recommending that plaintiff's motion to remand be granted and that the matter be remanded to state court. Doc. 11. Defendant submitted objections on September 9, 2022. Doc. 13. The court reviews objected-to portions of the magistrate judge's report and recommendation de novo. *See* Fed. R. Civ. P. 72; 28 U.S.C. § 636(b)(1).

Defendant argues that this court has jurisdiction pursuant to 28 U.S.C. § 1443(1). Defendant asserts that he has a right to "be free . . . from state judicial officers who falsely swear an oath to support the [C]onstitution and then use their office to undermine the [C]onstitution." Doc. 13 at 1.

To remove a case pursuant to § 1443(1) a party must show that he has been denied or cannot enforce a specified federal right in the state court. *City of Greenwood v. Peacock*, 384 U.S. 808, 827 (1966). Section 1443(1) permits removal only "when a right conferred by a law providing for specific civil rights stated in terms of racial equality is denied or cannot be enforced in the state court." *Williams v. Nichols*, 464 F.2d 563, 564 (5th Cir. 1972). The civil rights removal statute provides for removal where a statutory scheme will deny a federal

right if the case remains in state court; not discrimination allegedly resulting from maladministration. *Student Non-Violent Coordinating Comm. v. Smith*, 382 F.2d 9, 13 (5th Cir. 1967).

Defendant, as the removing party, has not met his burden of establishing federal jurisdiction or shown that removal was proper. *Manguno v. Prudential Prop. and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). There are no allegations supporting removal under 28 U.S.C. § 1443(1) or otherwise establishing federal subject-matter jurisdiction.

Having reviewed the magistrate judge's report de novo and being satisfied that it contains no error, the court overrules defendant's objections and accepts the report's findings and recommendation. The court grants the motion to remand and remands this action to Justice Court, Precinct 2, Smith County, Texas.

*So ordered by the court on September 19, 2022.*

J. CAMPBELL BARKER
United States District Judge